# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 12-542V

**Filed: December 24, 2014**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
WAYNE STRAHAN,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

UNPUBLISHED

Special Master Gowen

Joint Stipulation on Damages;
Influenza ("Flu") Vaccine;
Guillian-Barre syndrome

Franklin J. Caldwell Jr., Maglio Christopher & Toale, P.C., Sarasota, FL, for petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

    On August 27, 2012, Wayne Strahan ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccine on September 13, 2010, he developed Guillian-Barre syndrome ("GBS"). Stipulation ¶ 2, 4, filed Dec. 23, 2014.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Further, petitioner alleged that he experienced residual effects of his injury for more than six months. Id. at ¶ 4.

On December 23, 2014, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccination caused petitioner's GBS or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $75,000.00, in the form of a check payable to petitioner, Wayne Strahan. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WAYNE STRAHAN, | ) |
| | ) |
| Petitioner, | ) No. 12-542V |
| | ) Special Master |
| v. | ) Thomas L. Gowen |
| | ) |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

STIPULATION

The parties hereby stipulate to the following matters:

1. Wayne Strahan, petitioner, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on September 13, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barre syndrome ("GBS"), which was

caused-in-fact by the flu vaccine. Petitioner further alleges that he suffered the residual effects

of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on his behalf as a result of his condition.

(j. Respondent denies that the flu vaccine caused petitioner's alleged GBS, or any other injury, and further denies that petitioner's current disabilities are scquclac of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and thai a decision should be entered awarding the compensation described in paragraph 8 ofthis Stipulation.

8. As soon *as* practicable after an enhy ofjudgment reflecting a decision consistent with the terms ofthis Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> a lump sum of $75,000.00 in the fo1m of a check payable to petitioner representing 1111 damages available under 42 U.S.C. § 300aa-15(a),

9. As soon as prncticubl e after tbe entry ofjudgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), and an application, the parties will submit to further proceedings before the special master to award reason able attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities tJlUt provid e health services on a prepaid basis.

2

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys fulther agree and stipulate that, except for any award for atlorneys' foes and litigation costs, the money provided pursuant to this Stipulation *will* be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Jn return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns docs forever ilTevocnbly and unconditionally release, acquit and discharge the United States aml the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, Joss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on September 13, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about August 27, 2012, in the United States Court of Federal Claims as petition No. 12-542V.

14. . If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the tenns of this Stipulation or if the United States Court of Federal Claims foils to enter judgment in

3

conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either patty.

      16. This Stipulation expresses a full and complete negotialed settlement of liability and damages claimed under the National Childhood Vaccine Injury Acl of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties fullher agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective position s as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or inthe items of compensation sought, is not grounds to modify or revise this agreement.

      17. This Stipulation shall not be construed as an admission by the United Stales or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, or any other injury, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

      18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## ENDOFSTIPULATION

4

12/19/2014   08:58      8132416625                 MARINE SYSTEMS INC                        PAGE 01/01

Respectfully submitted,

**PETITIONER:**

WAYNE STRAHAN

ATTORNEY OF RECORD FOR
PETITIONER:

M      AGLIO, CHRISTOPHER & TOALE, P.A..

1605 Main Street
Suite 710
Sarasota, FL 34236
(941) 952-5242

AUI'HORJZED REPRESENTA1'IVE
OF THE ATTORNEY GENERAL:

VINCENT J,      IANOSKI.
Deputy Director
Torts Br1 1noh
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjrunin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF BEALTII AND
HUMAN SERVICES:

A. MELISSA HOUSTON, MD., M.P.H., FAAP
Director
Division of Injury Compensation Programs (DJCP)
Healthcare Systems Bureau
U.S. Department of Health and Human Servfoes
5600 Fishers Laoe
Parklawn Building, Stop 11C26
Rockville,.MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P, 0. Box )46
Bonjamin Franklin Station.
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: Dec. 23, 2014

5